UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRITTAIN J. PURCELLE,

                        Plaintiff,

      v.                                                    9:18-CV-0077
                                                            (GLS/TWD)

JOHN THOMAS et al.,

                        Defendants.
_____

APPEARANCES:

BRITTAIN J. PURCELLE
Plaintiff, Pro Se
14-B-0600
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

FOR THE DEFENDANTS:
HON. LETITIA JAMES                          WILLIAM E. ARNOLD, IV
New York State Attorney General          Assistant Attorney General
300 South State Street, Suite 300
Syracuse, NY 13202

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

      Pro se plaintiff Brittain J. Purcelle, a prison inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), commenced this action on or about January 18, 2018. Following its review of plaintiff's application for *in forma pauperis* (IFP) status and complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A,

the Court issued a Decision and Order on April 9, 2018, granting plaintiff IFP status and accepting the complaint for filing only to the extent that it asserts the following causes of action: (1) Eighth Amendment excssive force and failure to intervene against defendants John Thomas and John Does 1-3; (2) Eighth Amendment deliberate medical indifference claims against defendants Nurse A. Hoppins,[1] Kooi, and Nurse Doe; (3) Fourteenth Amendment claims against defendants Brian Bauersfeld and Donald Venettozzi; and (4) New York State common law claims against defendants Thomas, Does 1-3, Hoppins, Nurse Doe, and Kooi. Dkt. No. 11 ("April Order"). All of the claims asserted in the original complaint arise from a use of force incident that occurred at Auburn Correctional Facility ("Auburn C.F.") in or about January 2015. *See generally* Compl.

In the April Order, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997), defendants were requested to assist plaintiff in identifying the Doe defendants. April Order at 18; *see* Dkt. No. 73. On March 19, 2019, defendants informed the Court that only defendant Thomas was involved in the use of force incident in January 2015 at Auburn C.F., but that Lieutenant Michael Ouimette responded to the scene "after the alleged incident had concluded" and assisted in escorting plaintiff to the Special Housing Unit (SHU). Dkt. No. 77 at 1. Defendants further informed the Court that they did not have any further information concerning the identities of the Doe defendants. *Id.* Plaintiff was directed to file an amended complaint "to add the identified individual[, Michael Ouimette,] as a defendant, if appropriate, . . . by [April 12,] 2019." Dkt. No. 78. On March 27, 2019, the Court received plaintiff's

---

[1] Defendant Hoppins was originally identified by plaintiff as defendant "Timmins." *See* Dkt. No. 1 ("Compl.") at 1, 2. Plaintiff later learned that the correct surname for that individual is "Hoppins," and then requested the Court deem his complaint as amended insofar as it names Hoppins as a defendant rather than Timmins. Dkt. No. 30. That request was granted. Dkt. No. 34.

2

motion for leave to supplement the complaint to add four defendants to the action arising out of incidents that occurred beginning in February 2018 at Clinton Correctional Facility ("Clinton C.F."). *See generally* Dkt. No. 81-1 ("Proposed Suppl. Compl."). Defendants have responded in opposition to plaintiff's motion. Dkt. No. 85.

On or about March 28, 2019, plaintiff filed a motion for a preliminary injunction directing defendants Hoppins and Kooi, as well as Acting DOCCS Commissioner Anthony Annucci and DOCCS Chief Medical Officer Carl Koenigsmann, to prescribe him a specific pain medication. Dkt. No. 74 ("PI Mtn."). Defendants responded in opposition to plaintiff's motion on March 22, 2019. Dkt. No. 79. Plaintiff then filed a letter request that the Court hold his preliminary injunction motion in abeyance until he receives certain discovery from defendants. Dkt. No. 82.

The Clerk has forwarded plaintiff's motion to supplement the complaint, motion for preliminary injunction, and request to hold the preliminary injunction motion in abeyance to the Court for review.

## II. DISCUSSION

### A. Motion to Supplement the Complaint

Plaintiff's motion seeks to add new claims in the action asserted against four new defendants who are all employed at Clinton C.F. *See* Proposed Suppl. Compl. Accordingly, Rule 15(d) of the Federal Rules of Civil Procedure governing supplemental pleadings applies to plaintiff's motion. In relevant part, Rule 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be

3

supplemented." Fed. R. Civ. P. 15(d). "[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Otherwise, the considerations governing motions to supplement are identical to those considered in connection with a motion to amend a complaint under Rule 15(a). *Quaratino*, 71 F.3d at 66. In particular, leave to supplement or amend should freely be granted absent the finding of undue delay, bad faith, dilatory tactics, undue prejudice in being served with the supplemental pleading, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Quaratino*, 71 F.3d at 66.

As noted above, plaintiff's Proposed Supplemental Complaint seeks to assert Eighth Amendment deliberate medical indifference, verbal threats, and Fourteenth Amendment due process claims against four individuals stationed at Clinton C.F., where plaintiff has been confined since February 6, 2018. Proposed Suppl. Compl. Generally, the proposed pleading alleges that Nurse Practitioner (NP) Devlin-Varin has denied plaintiff adequate medical treatment for the injuries he suffered during the January 2015 use of force incident at Auburn C.F., and that Clinton C.F. Medical Director Jane Doe is complicit, in her capacity as NP Devlin-Varin's supervisor, in the inadequate medical treatment provided by NP Devlin-Varin. *Id.* at 2-5, 9. Plaintiff also alleges that he sent three letters to Clinton C.F. Inmate Grievance Program Supervisor Gregory beginning on approximately March 7, 2019, complaining of, among other things, NP Devlin-Varin's inadequate medical treatment, but that he has not received a response to any of the letters. *Id.* at 7. Finally, on an unidentified date, Clinton C.F. Nurse Khan verbally threatened to issue plaintiff a misbehavior report in retaliation "for [plaintiff] filing so many sick call requests" and, since that interaction, plaintiff

4

has "mailed three unanswered sick call requests." *Id.*

Plaintiff's motion for leave to file a supplemental complaint arising from the foregoing allegations is denied for two reasons. First, the Proposed Supplemental Complaint only tangentially relates to the incidents originally giving rise to this action. While the original complaint alleges that plaintiff was subjected to an excessive use of force by a corrections officer stationed at Auburn C.F. in January 2015, the Proposed Supplemental Complaint stems from allegations of inadequate medical treatment three years later by a nurse stationed at a separate correctional facility. Although plaintiff alleges that the injuries for which he is being treated at Clinton C.F. were caused by the use of force incident at Auburn C.F., the factual circumstances and legal theories of the claims set forth in the Proposed Supplemental Complaint are too far afield from the facts and claims set forth in the original complaint to permit inclusion in this action. *See, e.g.*, *Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004) (denying the plaintiff's motion to amend to add new claims and new legal theories that did not arise out of the underlying breach-of-contract cause of action but instead arose "'out of Defendants' handling of [the] litigation since the filing of the Complaint'"); 6 Wright, Miller & Kane, *Fed. Prac. & Proc.*, § 1487 ("[I]f the court determines that the . . . issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury, leave to amend may be denied." (footnotes omitted)).

The second basis for denying plaintiff's motion to supplement the complaint is that defendants would be unfairly prejudiced by the addition of new claims and new defendants at this late stage of the action. This action is already fourteen months old, and discovery in the action is set to expire on April 30, 2019. The original defendants (Thomas, Hoppins, Bauersfeld, and Venettozzi), who have no apparent connection to Clinton C.F. or the medical

5

treatment plaintiff is now receiving at that facility, would be forced to wait for discovery concerning the new claims and new defendants to be completed before filing dispositive motions and/or proceeding to trial. Such a delay is unfair to defendants who have diligently defended against the causes of action pending against them arising from the original complaint. Moreover, plaintiff has offered no justification for waiting until now to seek permission to add the proposed new claims. The Court also notes that there is no apparent prejudice to plaintiff in denying his motion at this time in light of the fact that he is free to commence a new lawsuit against the proposed new defendants stationed at Clinton C.F. arising from the alleged unconstitutional conditions of confinement plaintiff now suffers at that facility. *See, e.g.*, *Darowski v. Wojewoda*, No. 15-CV-0803, 2018 WL 2122822, at *2-3 (D. Conn. May 8, 2018) (denying the plaintiff's motion for leave to file an amended complaint based on, *inter alia*, the plaintiff's undue delay in bringing the motion, the risk of confusion of issues given the unrelated nature of the original and newly proposed claims, and the fact that the plaintiff was free to commence a new action based on the new claims).

Accordingly, because the Proposed Supplemental Complaint does not sufficiently relate to the claims originally giving rise to this action, and because the balance of fairness weighs in defendants' favor given plaintiff's ability to commence a new lawsuit concerning the conditions of confinement at Clinton C.F., plaintiff's motion to supplement the complaint is denied.

### B. Motion for Preliminary Injunction

Plaintiff seeks an injunction directing defendants Hoppins and Kooi, as well as DOCCS Acting Commissioner Annucci and DOCCS Chief Medical Officer Koenigsmann, to prescribe him Neurontin, a pain medication, to address pain he experiences as a result of an

injury to his ulnar nerve that occurred in 2006. PI Mtn. at 1. Plaintiff alleges that, although he had been taking Neurontin since 2012, defendant Kooi discontinued the prescription in or about January 2015, shortly after the use of force incident involving defendant Thomas at Auburn C.F. *Id.* at 1-2. Plaintiff contends that DOCCS Chief Medical Officer Koenigsmann "is the only DOCCS employee with the authority to reinstate [his] discontinued prescription, or to authorize [his] current [medical] provider to do so." *Id.* at 2.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. N.Y.S. Dep't of Fin. Servs.*, 769 F.3d 105, 119 (2d Cir. 2014) (quoting *Lynch v. N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009)). When the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is heightened. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (internal quotation marks omitted).

"'[T]he single most important prerequisite for the issuance of a preliminary injunction'" is a showing that the moving party will suffer irreparable harm. *Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, 437 F. App'x 57, 58 (2d Cir. 2011) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Speculative injury is not the

7

province of injunctive relief. *See City of L.A. v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that, "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm.

Plaintiff's motion fails to allege that plaintiff is at risk of irreparable harm if he is not prescribed Neurontin. Although he alleges that he suffers from mental health issues, including depression, he admits that he cannot conclude that the pain he suffers in his ulnar nerve causes his emotional instability. Dkt. No. 74-1 at 2-3. Also fatal to plaintiff's motion is that he seeks an injunction against two individuals (Annucci and Koenigsmann) who are not parties to the action. Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties . . . ."); *see also United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Slacks v. Gray*, No. 07-CV-0510, 2008 WL 2522075, at *1 n.1 (N.D.N.Y. Jun. 25, 2008). With respect to defendants Kooi and Hoppins, they have no apparent authority to prescribe plaintiff medication because plaintiff has been transferred out of Auburn C.F. and they are no longer plaintiff's medical care providers. "In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). For all these reasons, plaintiff's motion for a preliminary injunction is denied.

Because, as set forth above, there is no basis on which the Court can grant plaintiff's motion for preliminary injunction because of its fatal deficiencies, holding the motion in abeyance, as requested by plaintiff, is futile and unnecessarily prolongs this action further.

8

Accordingly, plaintiff's request to hold the motion in abeyance is also denied.

### C. Status of Defendants Doe 1-3 and Nurse Doe

Plaintiff's complaint asserts claims against defendants Does 1-3 and Nurse Doe. *See* Compl. at 4-5, 7; April Order at 9-10. To date, plaintiff has not identified those individuals by name, sought to amend the complaint to add their names (if known) to the action, or served them with process. Rule 4(m) of the Federal Rules of Civil Procedure authorize "the court – on motion or on its own after notice to plaintiff" – to dismiss a plaintiff's claims asserted against a defendant where a summons and complaint have not been served upon that party within 90 days after filing the complaint, absent a showing of good cause. Fed R. Civ. P. 4(m); *see Romand v. Zimmerman*, 881 F. Supp. 806, 809 (N.D.N.Y. 1995) ("[T]he [90]-day filing requirement applies to pro se plfs as well as those represented by counsel."). This is because when "Doe" defendants have been served or otherwise appeared in the action within this time period, the Court does not acquire jurisdiction over them. *See, e.g.*, *Michelson v. Merrill Lynch*, *Pierce, Fenner & Smith, Inc.*, 709 F. Supp. 1279, 1282 (S.D.N.Y. 1989) (citing *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946)).

Upon a showing of good cause, the time for service must be extended. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Panaras*, 94 F.3d at 340 (citing Fed. R. Civ. P. 4(m)); *see Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause."); *Romandette v. Weetabix Co.*, Inc., 807 F.2d 309, 311 (2d Cir. 1986). When examining

9

whether to extend the prescribed period for service, a district court is afforded ample discretion to weigh the "overlapping equitable considerations" involved in determining whether good cause exists and whether an extension may be granted in the absence of good cause. *See Zapata*, 502 F.3d at 197.

Discovery is scheduled to conclude in this action on April 30, 2019. Dkt. No. 66. Defendants have demonstrated that, to the best of their abilities, they have assisted plaintiff in identifying the Doe defendants. Dkt. No. 77. Despite these circumstances, plaintiff has not yet identified or served the Doe defendants with process. Accordingly, unless plaintiff files an amended complaint **within 30 days** of the date of this Decision and Order identifying defendants Does 1-3 and Nurse Doe by name, the claims asserted against those individuals will be **dismissed without prejudice without further Order of the Court** for failure to timely effectuate service and the Clerk of the Court shall terminate those defendants from the docket.

### III. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that plaintiff's motion to supplement the complaint (Dkt. No. 81) is **DENIED**; and it is further

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 74) is **DENIED**; and it is further

**ORDERED** that plaintiff's request to hold the motion for preliminary injunction in abeyance (Dkt. No. 82) is **DENIED**; and it is further

**ORDERED** that plaintiff has **THIRTY** (30) days of the date of this Decision and Order

10

to file an amended complaint identifying defendants Does 1-3 and Nurse Doe by name; and it is further

**ORDERED** that, upon receipt of any amended complaint as directed above, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED** that, if plaintiff fails to file an amended complaint as directed above, all claims asserted against defendants Does 1-3 and Nurse Doe shall be **dismissed without prejudice without further Order of the Court** for failure to serve under Rule 4(m) of the Federal Rules of Civil Procedure and the Clerk shall terminate those defendants from the docket; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

April 22, 2019
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge